**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAMIAN PEREZ PEREZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-26-596-SLP** |
| | ) |
| **SCARLET GRANT, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Damian Perez Perez, a noncitizen and Mexican national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue.  For the reasons outlined below, the undersigned recommends the Court **DENY** the Petition.

## I.     <u>Background</u>

Petitioner, a citizen of Mexico, entered the United States in 1998 without inspection or parole.  Pet. at 6; Resp. at 2.  In or around 1999, Petitioner voluntarily departed the United States and returned sometime thereafter.  Doc. 1-6 at 4.  On September 12, 2025, ICE detained Petitioner in Tulsa, Oklahoma.  Pet. at 6.   On the same day, ICE placed Petitioner into removal proceedings before the Aurora Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear.  *Id.*; Doc. 1-1 at 1 (Notice to Appear).   Petitioner   was   charged   with   being   inadmissible   under   8   U.S.C.

§ 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 2; Doc. 1-1 at 1.

On October 3, 2025, Petitioner filed a habeas petition alleging Respondents were illegally detaining him pursuant to 8 U.S.C. § 1225(b)(2)(A) without a bond hearing ("First Habeas Proceeding").  *See Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *1 (W.D. Okla. Mar. 3, 2026).  On November 5, 2025, Magistrate Judge Amanda Maxfield recommended Petitioner be given a bond hearing pursuant to 8 U.S.C. § 1226(a).  *Id.* However, as Judge Maxfield's Report and Recommendation ("R&R") was pending, Petitioner received a bond hearing on December 1, 2025.  Doc. 1-4 (Order denying bond); *see also* Pet. at 7 (alleging "Respondents decided to provide a bond hearing for Petitioner" after Judge Maxfield issued her R&R).  Also, while the R&R was pending, Petitioner's removal proceedings in Immigration Court were terminated and a second removal proceeding was initiated three days later.  *Perez*, 2026 WL 597126, at *2.

At the bond hearing, an Immigration Judge ("IJ") determined Petitioner "is a flight risk and a danger to community" based on "the I-213 filing and his prior voluntary return in 1999."  Doc. 1-4 at 1; *see also Perez*, 2026 WL 597126, at *2.  An I-213 filing includes ICE's narrative detailing when an ICE officer encounters a noncitizen.  *See* Doc. 1-2 (Petitioner's I-213 filing).  In Petitioner's I-213 filing, the encounter narrative states: "Lead intelligence also referred to ICE that PEREZ-Perez would 'shoot ICE Officers if attempt to arrest.'"  *Id.* at 3.  The encounter summary narrative, dated September 12, 2025, includes no additional details about the source of this "lead intelligence."  Petitioner appealed the

2

denial of bond to the Board of Immigration Appeals ("BIA").  Doc. 10-3 (Notice of Appeal).

On January 5, 2026, while the R&R was still pending, the IJ terminated Petitioner's removal proceedings.  Pet. at 8; *see also* Doc. 1-5 at 1 (IJ Order).  However, Petitioner remained in detention.  Pet. at 8.  On January 8, 2026, ICE issued a new Notice to Appear and commenced new removal proceedings in the Aurora Immigration Court.  *Id.*; Doc. 1-6 at 1 (Second Notice to Appear).  That case remains pending.  Pet. at 8.

After supplemental briefing, this Court held in Petitioner's First Habeas Proceeding that he was properly detained under § 1226(a) and entitled to a bond hearing, but his petition was moot because he already received a bond hearing.  *Perez*, 2026 WL 597126, at *4-7.  Specifically, the Court held (1) Petitioner's claims were moot because those claims "focused on Petitioner's detention without a bond hearing" that he later received, and (2) it lacked jurisdiction under § 1226(e) to review the IJ's discretionary decision to deny Petitioner bond.  *Perez*, 2026 WL 597126, at *6-7.  The Court did not address "whether Petitioner should be afforded a new bond hearing" because his removal proceedings were terminated and a second removal proceeding was initiated three days later.  *Id.* at *6.

On March 24, 2026, Petitioner filed his Petition to "challenge[] the legality of his continued detention based on material facts that arose during the pendency of his prior habeas action, which was dismissed for mootness."  Pet. at 2.  Specifically, Petitioner alleges (1) he is properly detained under § 1226(a) and entitled to a bond hearing, (2) due process entitles him to a bond hearing, and (3) his due process was violated during his prior bond hearing.  *Id*. at 2-3, 20-22.  When Petitioner filed his Petition, he was detained at

Cimarron Correctional Facility in Cushing, Oklahoma.  Doc. 1-7.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Apr. 30, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those, like Petitioner, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings.  Pet. at 20.

- **Count II: Violation of Due Process in Prior Bond Hearing**.  Petitioner alleges the IJ did not provide the due process required at his prior bond hearing.  *Id.* at 21.

- **Count II: Violation of Due Process under *Mathews* Factors**.  Petitioner alleges his continued detention without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process under the framework established in *Mathews v. Eldridge*.  *Id.* at 22.

Petitioner asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner immediately or, in the alternative, provide Petitioner with a constitutionally sufficient bond hearing in which [the Department of Homeland Security] carries the burden of proof by clear and convincing evidence, pursuant to 8 U.S.C. § 1226(a), within five days."  *Id.* at 23 (citation modified).  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").  *Id.*

## III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

4

§ 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

IV.    **<u>Analysis</u>**

A.    **Section § 1226(a) continues to govern Petitioner's detention**

The two relevant provisions governing detention of noncitizens pending removal proceedings are §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  8 U.S.C. § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner argues he is properly detained under § 1226(a) because "§ 1225(b)(2) does not apply to those [like him] who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents."  Pet. at 20.  Respondents maintain Petitioner is an "applicant for

5

admission" and "seeking admission," therefore subject to mandatory detention and properly detained under § 1225(b)(2)(A).  Resp. at 4-6.

This Court has previously determined § 1226(a) governed Petitioner's detention in his First Habeas Proceeding.  *Perez*, 2026 WL 597126 at *4.  With his new Petition, the undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue.  For the reasons stated below, and adopting this Court's reasoning in the First Habeas Proceeding and in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned concludes § 1226(a) continues to govern Petitioner's detention.

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States."  *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025).  If all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous.  *Lopez*, 2026 WL 165490, at *4.  The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were apprehended inside the country.

6

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended.  Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination."  *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).  Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[1]  *See Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2 (W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have

---

[1] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025). Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

addressed the same issues as those raised by Petitioner"). This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)." *Lopez*, 2026 WL 165490, at *7.

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner continues to fall within the confines of § 1226(a), and not § 1225(b)(2)(A). This conclusion is also in accord with the Second and Seventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Cunha v. Freden*, No. 25-3141-PR, --- F. 4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same). Accordingly, the undersigned recommends the Court continue to apply § 1226(a) to govern Petitioner's current detention.

**B.    Because § 1226 governs Petitioner's detention, both the INA and due process require that he receive a bond hearing, but such a hearing already occurred**

Petitioner is owed the due process provided to him under § 1226(a), the statute that governs his current detention. The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. It applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing

8

before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

Petitioner, though, already received a bond hearing on December 1, 2025, and this Court cannot review the IJ's discretionary decision at that hearing to deny bond. *See* 8 U.S.C. § 1226(e). This Court rejected the same claim in the First Habeas Proceeding. *See Perez*, 2026 WL 597126, at *6 ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").[2]  Indeed, the determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a non-citizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). Section § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784,

---

[2] In Count III, Petitioner alleges his continued detention violates his right to due process pursuant to the framework set out in *Mathews v. Eldridge*. While some Magistrate Judges in this District, including the undersigned, have started considering whether detention of similarly situated petitioners violates due process when those petitioners raise such a claim and seek a bond hearing specifically requesting the government bear the burden at such hearing to establish the petitioner's risk of flight or danger, the undersigned declines to undertake a lengthy analysis here considering (1) the Court has already concluded Petitioner was entitled to a bond hearing under the INA, and (2) such a bond hearing already occurred. Nonetheless, the undersigned concludes due process—in addition to the INA—entitles Petitioner to a bond hearing because he is detained under § 1226(a).

787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review").  "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

Further, this Court already addressed Petitioner's request for a bond hearing in the First Habeas Proceedings.  There, the Court ruled the case was moot because Petitioner received a bond hearing—his requested relief—in his first, terminated removal proceeding. *Perez*, 2026 WL 597126, at *4.  To the extent this Court left open the question whether Petitioner should be afforded a new bond hearing in his second removal proceeding, he fails to cite any cases or make any argument alleging as much in this Petition.[3]

Accordingly, the Court should deny Petitioner's request for a bond hearing as moot, to the extent he already received the bond hearing he is entitled to under § 1226(a), and for a lack of jurisdiction, to the extent he challenges the IJ's decision to grant or deny bond.

**C.     The Court has jurisdiction to consider whether Petitioner's earlier bond hearing violated his right to due process.**

In Count II, Petitioner alleges his due process was violated at the bond hearing because the IJ relied on "an uncorroborated ICE report and vague accusation" in denying

---

[3] Even assuming Petitioner had properly raised the issue, he would not be entitled to relief under ICE regulations.  *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

him bond. Pet. at 21. Though this Court "has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond," *Kumar*, 2026 WL 753944, at *2, section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law," *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified).

Petitioner requests "a constitutional review of the sufficiency of his bond hearing," which he claims is "fully within this Court's jurisdiction to review such a claim." Reply at 5. The undersigned agrees. While "courts cannot override an immigration judge's bond decision simply because they might have reached a different result," "habeas relief is appropriate only if the immigration judge's exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." *Nucamendiz*, 2026 WL 221449, at *2 (citation modified); *see also De Armas Ramos v. Bondi*, No. 26-CV-00455, 2026 WL 837244, at *1 (D.N.M. Mar. 26, 2026) ("Accordingly, § 1226(e) does not strip federal courts of jurisdiction to consider 'constitutional challenge[s]' to the 'procedures adopted by the Attorney General for all detention decisions under § 1226(a).'" (quoting *Miranda v. Garland*, 34 F.4th 338, 352 (4th Cir. 2022))); *accord Sin Johal v. Bondi*, No. CIV-25-1408-J, 2026 WL 893185, at *2 (W.D. Okla. Apr. 1, 2026) (finding the court had jurisdiction and agreeing "a procedural due process violation likely occurred" at a bond

11

hearing but was ultimately rendered harmless). As such, the Court has jurisdiction to the extent Petitioner challenges his due process at the IJ's bond hearing.[4]

### D. Petitioner has not demonstrated that the IJ violated his right to due process.

As noted above, the Court's review of the IJ's decision is limited to whether the IJ exercised his discretion in accordance with the law when denying Petitioner bond. "To make this showing, [petitioner] can either point to the language of the immigration judge's opinion or demonstrate that the evidence itself could not—as a matter of law—have supported the immigration judge's decision to deny bond." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass 2019) (citation modified). "In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *De Souza v. Soto*, No. CV

---

[4] The undersigned acknowledges the Court previously found it lacked jurisdiction to review Petitioner's argument that his bond hearing was deficient under 8 U.S.C. § 1226(e). *Perez*, 2026 WL 597126, at *5. However, the undersigned concludes the Court does have jurisdiction to review Petitioner's specific claims raised in this second habeas proceeding *to the limited extent the Petition alleges a constitutional claim* that his due process rights were violated. *See Hernandez Casallas*, 2026 WL 324646, at *2; *see also Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (stating § 1226(e) does not eliminate habeas jurisdiction "over constitutional claims or questions of law"); *Miranda*, 34 F.4th at 353 (same); *accord Perez*, 2026 WL 597126, at *6 (noting how in the First Habeas Proceeding, unlike here, Petitioner did "not assert any arguments regarding impropriety of burden allocation at the bond hearing").

25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)).

For habeas relief, Petitioner must show the IJ's "decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2; *see also, e.g., id.* (denying habeas motion where petitioner failed to allege he was denied the opportunity to present evidence at a bond hearing or that the IJ improperly shifted the burden of proof); *Mendez v. Dedos*, No. 26-cv-394, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (granting habeas petitioner's motion to enforce where IJ did not appropriately shift the burden to the government at the bond hearing as ordered by the district court); *Garcia v. Hyde*, No. 25-CV-585, --- F. Supp. 3d ---, 2025 WL 3466312, at *11 (D.R.I. Dec. 3, 2025) (granting habeas because the IJ failed to apply the correct standard and ignored two key documents).

Petitioner fails to make any such showing here that the IJ's decision was legally erroneous or unconstitutional.  To support his assertion that his bond hearing violated his constitutional rights, Petitioner only generally alleges: "Courts have found that due process requires the government to bear the burden of proving, at any bond hearing, that the noncitizen is a danger, flight risk, or threat to national security."  Pet. at 15 (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172 (D. Colo. 2024)).  However, Petitioner fails to show how he was entitled to such burden shifting at *his* bond hearing.[5]

---

[5] The IJ's order did not state which party had the burden of proof at the bond hearing. Doc. 1-4.  The undersigned presumes the IJ assigned the burden to Petitioner, consistent with ICE regulations and BIA precedent.  *See, e.g., Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (stating the "burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond").  However, Petitioner fails to

First, Petitioner does not allege now that he sought burden shifting in his first petition—because he did not. *Perez*, 2026 WL 597126, at *6 n.11 (noting that Petitioner failed to "assert any arguments regarding impropriety of burden allocation at the bond hearing" in the First Habeas Proceeding); *see also Perez v. Holt*, No. 25-1151-SLP, Doc. 1 (W.D. Okla. Oct. 3, 2025) (Petition in the First Habeas Proceeding). Further, while Petitioner cites district courts in the Tenth Circuit ordering respondents to bear the burden at § 1226(a) bond hearings in different factual scenarios, he has not pointed to any binding Tenth Circuit precedent that requires the government to bear the burden in *every* case. In fact, Petitioner bears such a burden under ICE regulations. *See* 8 C.F.R. § 236.1(c)(8) (stating a noncitizen generally has the burden at a bond hearing to show his "release would not pose a danger to property or persons" and he "is likely to appear for any future proceeding"). If, for instance, Petitioner had sought a bond hearing with the burden on the government in the First Habeas Proceeding, he would be better positioned now to allege his bond hearing violated due process. *See Kumar*, 2026 WL 753944, at *2 (denying habeas motion because "Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof").

Petitioner fails to establish any due process violation from his prior bond hearing where he could have but did not request burden shifting either at the hearing or in his First

---

point to any evidence the IJ did, in fact, assign him the burden. *See De Armas Ramos*, 2026 WL 837244, at *2 (finding a petitioner's bond hearing comported with due process because "nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework" (citation modified)).

Habeas Proceedings.  Petitioner now claims that "Respondents continue to refuse to give him any kind of individualized hearing at which they bear the burden of proving the necessity of detention."  Pet. at 22.  His belated arguments in this Petition that he was entitled to burden shifting at a bond hearing in late 2025 are unpersuasive.  *See, e.g., Cristobal v. Asher*, No. C20-1493, 2020 WL 8678097, at *4 (W.D. Wash. Dec. 14, 2020) (finding "there is nothing showing that petitioner's first hearing was conducted by an unfair IJ or that a shift in burden, itself, justifies a new hearing" where there is no allegation it should have been shifted in the prior hearing, and concluding petitioner's due process was not violated) (R&R), *adopted*, No. C20-1493, 2021 WL 796597 (W.D. Wash. Mar. 2, 2021); *Colon-Pena v. Rodriguez*, No. CV 17-10460, 2018 WL 1327110, at *3 (D.N.J. Mar. 15, 2018) (holding petitioner's prior bond hearings did not violate due process where the burden was placed on petitioner when petitioner failed to show the burden should have been shifted to the government at those hearings).[6]

Finally, Petitioner acknowledges he was allowed to present evidence and the IJ considered the evidence at the prior hearing.  Pet. at 7.  And nothing in the IJ's decision indicates the IJ failed to consider or improperly considered the evidence Petitioner presented.  *See, e.g., Nucamendiz*, 2026 WL 221449, at *2 (finding the IJ's determination

---

[6] As an alternative remedy, Petitioner asks the Court to order "that Respondents provide a constitutionally sufficient bond hearing under § 1226(a) within five days."  Pet. at 3.  But in his Reply, he clarifies "all that Petitioner requests of the Court is a constitutional review of the sufficiency of his bond hearing."  Reply at 5 (citation modified).  To the extent Petitioner seeks another bond hearing with his new removal proceedings, he fails to show entitlement to such a hearing.

petitioners were a flight risk did not violate due process because "Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond"); *Garcia*, 2025 WL 3466312, at *11 (granting habeas because the IJ failed to apply the correct standard and the record showed the IJ ignored two key documents).

The undersigned acknowledges the IJ's order lacks much detail.  But Petitioner fails to point to any document the IJ didn't consider; nor has he otherwise established he did not receive a true individualized hearing.  The record shows the IJ gave significant weight to the statements made in Petitioner's I-213 narrative and his prior voluntary departure.  *See* Doc. 1-4.  Ultimately, Petitioner takes issue with the IJ's weighing of evidence, which this Court does not have jurisdiction to review.  Regardless whether this Court would have given different weight to any piece of evidence, § 1226(e) bars this Court's review of the IJ's discretionary determination that Petitioner is a flight risk.  Accordingly, Petitioner has failed to establish his due process rights were violated at the bond hearing.[7]

## V.    <u>**Recommendation and Notice of Right to Object**</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **May 7,**

---

[7] As this Court did previously, the undersigned has reviewed the cases cited by Petitioner and found them to be "factually distinguishable or otherwise inapposite." *Perez*, 2026 WL 597126, at *6 n.11.

**2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **May 12, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of April, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

17